UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRENDA OSBORNE PAVIA,

          Plaintiff,

v.                                                    5:10-CV-0818
                                                    (GTS/DEP)

MICHAEL J. ASTRUE, Comm'r of Soc. Sec.,

          Defendant.
_____

APPEARANCES:                                OF COUNSEL:

OLINSKY LAW GROUP                  KAREN S. SOUTHWICK, ESQ.
  Counsel for Plaintiff
300 South State Street
5th Floor, Suite 520
Syracuse, New York 13202

SOCIAL SECURITY ADMINISTRATION    CHRISTOPHER J. BRACKETT, ESQ.
OFFICE OF GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza, Room 3904
New York, New York 10278

GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

      Currently before the Court, in this action by Brenda Osborne Pavia ("Plaintiff") against Social Security Commissioner Michael J. Astrue ("Defendant") seeking disability insurance benefits pursuant to 42 U.S.C. § 405(g), is the Report-Recommendation of United States Magistrate Judge David E. Peebles, issued pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 72.3(c) of the Local Rules of Practice for this Court, recommending that this action be remanded to the Commissioner for further proceedings in accordance with the Report-Recommendation. (Dkt. No. 15.)

## I. RELEVANT BACKGROUND

### A. Procedural History

Because neither party has objected to Magistrate Judge Peebles' Report-Recommendation, which sets forth the procedural background of this action, the Court adopts the Report-Recommendation's description of the procedural background of this action. (*See generally* Dkt. No. 15, at Part II.)

In December 2006, Plaintiff applied for disability insurance benefits ("DIB") under the Social Security Act based on a back disc condition and nerve damage in her left arm which left her unable to work. (*See* Administrative Transcript ["T."] at 102-104, 119.)[1] In March 2007, her application was denied by the Social Security Administration. (T. at 58-61.) On April 30, 2009, a hearing was held before an Administrative Law Judge ("ALJ") of the Social Security Administration. (T. at 21-50 )

On June 1, 2009, the ALJ issued his decision finding that Plaintiff was not disabled. (T. at 9-20.) Plaintiff appealed from the ALJ's decision to the Social Security Administration's Appeals Council; and on June 1, 2010, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of Defendant. (T. at 6-8.) On July 7, 2010, Plaintiff commenced this action in federal court. (Dkt. No. 1.)

Generally, in support of her Complaint, Plaintiff makes the following three arguments: (1) the ALJ erred in finding that Plaintiff's headaches, thoracic spinal condition, and obesity are not severe impairments (Dkt. No. 10 at 20-23); (2) the ALJ's assessment of Plaintiff's RFC is

---

[1] "To be eligible for disability insurance benefits, a claimant must establish an 'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months.'" *Dixie v. Comm'r of Soc. Sec.*, 05-CV-0345, 2008 WL 2433705 at *7 (N.D.N.Y. June 12, 2008) (Mordue, J.) (citation omitted).

2

not supported by substantial evidence because the ALJ failed to develop the record and relied on the opinions of the agency's consultative examiners (*id.* at 23-28); and (3) because the ALJ determined Plaintiff's testimony was not credible, the ALJ failed to credit Plaintiff's 25-year work history (*id.* at 28-30).

Generally, in response, Defendant makes the following three arguments: (1) the record evidence does not support a finding that Plaintiff's headaches, thoracic spinal condition, and obesity are severe impairments (Dkt. No. 12 at 18-20); (2) the ALJ's RFC finding is supported by substantial evidence (*id.* at 20-25); and (3) the ALJ applied the appropriate legal standard in determining that Plaintiff retained the ability to perform work existing in significant numbers in the national economy (*id.* at 25-26).

> **B.     Magistrate Judge Peebles' Report-Recommendation**

On August 20, 2012, Magistrate Judge Peebles issued a Report-Recommendation, in which he made the following five conclusions: (1) there is substantial evidence to support the ALJ's finding that Plaintiff's obesity and thoracic spine condition were not severe impairments (Dkt. No. 15 at 20-25); (2) although the ALJ erred in failing to classify Plaintiff's headaches as a severe impairment, such error was harmless because the ALJ properly considered Plaintiff's headaches in making her RFC assessment (*id.* at 25-27); (3) although there are some inconsistencies within the record, the record, as a whole, provides substantial evidence to support the ALJ's RFC assessment (*id.* at 27-33); (4) the ALJ erred in failing in "fully assess[ing] plaintiff's subjective complaints, [by] applying the seven factors listed in 20 C.F.R. § 404.1529(c)(3)" (*id.* 33-37); and (5) the ALJ erred failing to consider Plaintiff's "uninterrupted twenty-five year [work] history" when evaluating the credibility of Plaintiff's claim that she cannot work (*id.* at 37). As a result of these last two conclusions, Magistrate Judge Peebles recommends remand so that the ALJ can "provide a more thorough explanation for her

assessment of plaintiff's credibility and its effect on her RFC finding." (Dkt. No. 15 at 37.)

## II.     APPLICABLE LEGAL STANDARDS

### A.     Standard of Review of Magistrate Judge Peebles' Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[2] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[3]

---

[2]     *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[3]     *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[4] Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[5] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[6]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

---

[4] *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

[5] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[6] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

**B.     Standard Governing Judicial Review of Defendant's Decision**

In his Report-Recommendation, Magistrate Judge Peebles correctly recited the legal standard governing judicial review of Defendant's decision. (Dkt. No. 15, at Part III.A.) As a result, this standard is incorporated by reference in this Decision and Order, which is intended primarily for the review of the parties.

**III.   ANALYSIS**

After carefully reviewing all of the papers in this action, including Magistrate Judge Peebles' Report-Recommendation, the Court concludes that Magistrate Judge Peebles' thorough Report-Recommendation is correct in all respects. Magistrate Judge Peebles employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id.*) As a result, the Court accepts and adopts the Report-Recommendation in its entirety for the reasons stated therein.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 15) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the case is remanded back to the Commissioner for further proceedings consistent with the Report-Recommendation (Dkt. No. 15).

Dated:  September 25, 2012
        Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge