UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRENDA OSBORNE PAVIA,

                         Plaintiff,

v.                                                            5:10-CV-0818
                                                              (GTS/DEP)

COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.
_____

APPEARANCES:                                    OF COUNSEL:

OLINSKY LAW GROUP, P.C.                          HOWARD D. OLINSKY, ESQ.
   Counsel for Plaintiff
300 S. State Street
5th Floor, Suite 520
Syracuse, NY 13202

U.S. SOCIAL SECURITY ADMIN.                      PETER W. JEWETT, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
   Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

GLENN T. SUDDABY, United States District Judge

<u>**DECISION and ORDER**</u>

        Currently before the Court, in this social security action filed by Brenda Pavia

("Plaintiff") against the Commissioner of Social Security ("Defendant"), are the following: (1)

Plaintiff's motion for attorney's fees pursuant to the Equal Access Justice Act, 28 U.S.C. § 2412

("EAJA") (Dkt. No. 19); and (2) Plaintiff's motion for attorney's fees pursuant to Section

206(b)(1) of the Social Security Act ("SSA") (Dkt. No. 23).  For the reasons stated below,

Plaintiff's EAJA motion is granted in part and denied in part; and her SSA motion is granted.

I.      RELEVANT BACKGROUND

        A.      Facts and Procedural History

        Plaintiff filed an initial application for disability benefits on December 19, 2006, alleging

the existence of an ongoing disability with an original onset date of April 9, 2006.  (Dkt. No. 15,

at 12.)  Plaintiff's application was denied.  (*Id.*)  A hearing was held before an Administrative

Law Judge ("ALJ") of the Social Security Administration on April 30, 2009.  (*Id.*)  On June 1,

2009, the ALJ issued his decision finding that Plaintiff was not disabled.  (*Id.*)  Plaintiff appealed

from the ALJ's decision to the Social Security Administration's Appeals Council.  (*Id.* at 14.)

The Appeals Council denied Plaintiff's request for review.  (Dkt. No. 15, at 14.)

        On July 7, 2009, Plaintiff commenced an action in federal court seeking a reversal or

remand of the ALJ's decision.  (*Id.*)  On October 15, 2009, Plaintiff entered into a contingency

fee agreement with her current attorney ("Attorney Olinsky").  (Dkt. No. 23, at 2 [Plf.'s SSA §

206(b)(1) brief].)  As a result of entering into the contingency fee agreement, Attorney Olinsky

became entitled to a maximum of 25% of any retroactive benefits awarded to Plaintiff.  (*Id.*)

        On August 20, 2012, Magistrate Judge Peebles ("Judge Peebles") issued a Report-

Recommendation recommending the vacating of the ALJ's conclusion and remanding the case

for further proceedings.  (*See generally* Dkt. No. 15.)  Judge Peebles noted that the ALJ's

decision was sound in the following respects: (1) the ALJ properly developed the record; and (2)

the ALJ properly applied the treating physician rule giving the appropriate weight to all of the

physicians' opinions.  (Dkt. No. 15, at 27-33).  However, Judge Peebles found that the ALJ's

Step Four RFC determination was "fatally flawed" because he failed to "fully assess Plaintiff's

subjective complaints, applying the seven factors listed in 20 C.F.R. § 404.1529(c)(3)," and he

failed to consider "Plaintiff's uninterrupted twenty-five year [work] history" when evaluating the credibility of Plaintiff's claim that she could not work. (*Id.* at 33-37.)

On September 25, 2012, based upon Judge Peebles Report-Recommendation, this Court vacated Defendant's final determination and remanded the case for further proceedings. (*See generally* Dkt. No. 16.) On October 31, 2012, Plaintiff filed a timely motion and itemized statement seeking an award of costs and attorney's fees to be paid by Defendant in the amount of $8,136.74 pursuant to the EAJA. (*See generally* Dkt. No. 19.)

Plaintiff received a new hearing before an ALJ; and on April 22, 2013, the ALJ issued a fully favorable decision finding Plaintiff disabled as of April 9, 2006. (Dkt. No. 23, at 1 [Plf.'s SSA § 206(b)(1) Brief].) The retroactive benefits awarded to Plaintiff totaled $53,524.00. (*Id.* at 2.) The SSA withheld $13,040.50 from Plaintiff, in accordance with the contingency fee agreement that she entered into with Attorney Olinsky. (*Id.*) On July 12, 2013, a second motion was filed seeking an order granting Attorney Olinsky the withheld $13,040.50 pursuant to Section 206(b)(1) of the Social Security Act ("SSA"). (*See generally Id.*)

### B.      Parties' Briefing on the Motions

In the first motion, Plaintiff argues that she is entitled to an award of attorney's fees under the EAJA because (1) her application was timely, (2) she prevailed in the underlying action securing a reversal of Defendant's final determination, and (3) Defendant's position was not substantially justified. (Dkt. No. 19, at 3-4 [Plf.'s EAJA brief].) Plaintiff argues that the ALJ's failure to engage in a credibility analysis, as specified by the social security regulations, is sufficient to warrant a finding that Defendant's position was not substantially justified. (Dkt. No. 22, at 2-3 [Plf.'s Resp. to Def.'s EAJA brief].) Plaintiff also argues that the amount of

attorney's fees requested was reasonable.  (Dkt. No. 19, at 4 [Plf.'s EAJA brief].)  She requests a total award of $8,136.74 reflecting 44.8 hours of work, including $40 for "administrative work" and $14.34 in costs for service of the summons and complaint.  (*Id.* at 56-57.)

Defendant does not contest the reasonableness of the award, the timeliness of the application, or that Plaintiff was a prevailing party.  (*See generally* Dkt. No. 21 [Def.'s EAJA brief].)  However, Defendant argues that its position was substantially justified.  (*Id.* at 4-7.)  Defendant's primary argument is that the ALJ's failure to assess Plaintiff's credibility in accordance with the social security regulations is insufficient, standing alone, to render Defendant's position substantially unjustified.  (*See Id.*)

In the second motion, Plaintiff argues that Attorney Olinsky is entitled to attorney's fees in the amount of $13,040.50 pursuant to Section 206(b)(1) of the SSA.  (Dkt. No. 23, at 7 [Plf.'s SSA § 206(b)(1) brief].)  Plaintiff argues that the fee is reasonable because it reflects the intent of the contracting parties, it is beneath the statutory maximum that could be awarded (25% of awarded retroactive benefits), there was no fraud or overreaching between the parties, and the amount does not represent a windfall to the attorney.  (*Id.* at 4-7).

Defendant does not contest the reasonableness of the requested award.  In fact, Defendant endorses its reasonableness.  (Dkt. No. 24, at 2 [Def.'s SSA § 206(b)(1) brief].)  Nevertheless, as was acknowledged in the briefs, this Court is required to independently assess and evaluate the contingency fee and adjust it if necessary.  (*Id.* at 1.)

Finally, as was also acknowledged in the briefs, if this Court grants both motions, it is Attorney Olinsky's obligation under the law to not accept the smaller award (in this case, the EAJA Award).  (Dkt. No. 23, at 4 [Plf.'s SSA § 206(b)(1) brief].)  Plaintiff, as opposed to Attorney Olinsky, would be entitled to the EAJA Award.  (*Id.*)

## II.    RELEVANT LEGAL STANDARDS

### A.    Legal Standards Governing Motion for Attorney's Fees Pursuant to Section 206(b)(1) of the SSA

Section 206(b)(1) of the SSA provides as follows:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation not in excess of 25 percent of the total of the past due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A) (2013).  The United States Supreme Court has rejected the "lodestar" method, i.e., the number of hours expended times an hourly rate, for calculating attorney's fees in cases where the parties have entered into a contingent fee arrangement.  *Filipkowski v. Barnart*, No. 05-CV-1449, 2009 WL 2426008, at *1 (N.D.N.Y. Aug. 6, 2009).  Section 406(b) demands courts to review fee agreements as an independent check to assure that they yield reasonable results in particular cases.  *Fura v. Astrue*, No. 08-CV-0689, 2011 WL 1541307, at *1 (N.D.N.Y. Apr. 21, 2011).  Thus, "even if the fee is within the 25% boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Porter v. Comm'r of Soc. Sec.*, No. 06-CV-1150, 2009 WL 2045688, at *2 (N.D.N.Y. July 10, 2009).

To determine the reasonableness of the fee, the court must do the following: (1) give due deference to the intent of the parties; (2) ensure the fee is within the 25% statutory limit; (3) determine if there was "fraud or overreaching in [the] making [of] the agreement;" and (4) determine if the amount requested "is so large as to be a windfall to the attorney."  *See Smoke v. Barnhart*, No. 02-CV-0764, 2008 WL 2705368, at *1 (N.D.N.Y. July 2, 2008).

In gauging whether the amount requested is a windfall, "[t]here is no clear set criteria for determining when an award would result in a windfall; but courts in this circuit have identified several relevant considerations," which include the following:

> (1) whether the attorney's efforts were particularly successful for the Plaintiff, (2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

*Porter*, 2009 WL 2045688, at *3 (quoting *Rowell v. Astrue*, No. 05-CV-1592, 2008 WL 2901602

at *4 (E.D.N.Y. July 28, 2008)).

### B. Legal Standards Governing Motion for Attorney's Fees Pursuant to the EAJA

The EAJA provides, in relevant part, as follows:

> [A] court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in a civil action, including proceedings for judicial review of an agency, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (2013). To prevail on a motion for attorney's fees under the EAJA, a

plaintiff must demonstrate the following: (1) her motion is timely; (2) she is the prevailing party;

(3) she is eligible to receive an award; (4) an itemized statement from any attorney appearing on

her behalf that illustrates the rate at which the attorney's proposed fees were computed; and (5)

the position of the United States was not substantially justified. *Smith ex rel. D.R. v. Astrue*, No.

10-CV-0053, 2012 WL 3683538, at *1 (N.D.N.Y. Aug. 24, 2012) (citing 28 U.S.C. §

2412(d)(1)(B)).

Substantial justification operates under a burden-shifting framework. The plaintiff must

allege that the defendant's underlying position was not substantially justified.[1] *See Mills v.*

*Colvin*, No. 11-CV-0955, 2013 WL 1499606, at *1 (N.D.N.Y. Apr. 11, 2013) (citing 28 U.S.C. §

---

[1] The defendant's underlying position includes "both the position taken by the United States in the civil action and the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D); *see also Comm'r, Immigration & Naturalization Serv. v. Jean*, 496 U.S. 154, 159 (1990).

2412(d)(1)(B).  Once the plaintiff has done so, the burden shifts to the defendant to establish

that its position was substantially justified.  *See Commodity Futures Trading Comm'n v. Dunn*,

169 F.3d 785, 786 (2d Cir. 1999).   In order to determine whether the defendant was

"'substantially justified,' courts are to apply a standard of reasonableness."  *Green v. Bowen*, 877

F.2d 204, 207 (2d Cir. 1989) (quoting *Pierce v. Underwood,* 487 U.S. 552, 565 (1988)).  Even

though the substantial justification standard "should not be read to raise a presumption that the

[d]efendant's position was not justified, simply because it lost the case," *Cohen v. Bowen*, 837

F.2d 582, 585 (2d Cir. 1988) (internal quotation marks and citations omitted), the defendant has

the burden of proof on the substantial justification issue and a "strong showing" is required to

satisfy this burden.  *Envtl. Def. Fund, Inc. v. Watt*, 722 F.2d 1081, 1085 (2d Cir. 1983).  The

defendant must show that its action was justified in law and fact.  *See Rosado v. Bowen,* 823

F.2d 40, 42 (2d Cir. 1987) (internal quotation marks and citations omitted).  The substantially

justified standard "is a middle ground between the automatic awarding of fees to a prevailing

party, and the allowance of a fee award only where the [d]efendant['s] [action was] arbitrary and

frivolous."  *Mills*, 2013 WL 1499606, at *1 (quoting *Cohen*, 837 F.2d at 585 n. 4).

     The EAJA provides for the allowance of "reasonable attorney's fees."  28 U.S.C. §

2412(d)(2)(A).  "The most useful starting point for determining the amount of a reasonable fee is

the number of hours reasonably expended on the litigation multiplied by a reasonable rate."

*Healy v. Leavitt*, 485 F.3d 63, 69 (2d Cir. 2007) (quoting *Hensley v. Eckerhart*, 461 U.S. 424,

433 (1983)).  The plaintiff has the burden of establishing to the court's satisfaction the

reasonableness of the hours expended and rates charged.  *See Hensley*, 461 U.S. at 433.  With

respect to the hours expended, "[d]istrict courts in the Second Circuit have held that, on average,

an attorney spends twenty to forty hours on routine social security cases."  *Mills*, 2013 WL

1499606, at *3 (quoting *Coughlin v. Astrue*, No. 06-CV-0497, 2009 WL 3165744, at *2

(N.D.N.Y. Sept. 28, 2009)).  With respect to the rates charged, Section 2412(d)(2)(A) dictates

that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines

that an increase in the cost of living or a special factor, such as the limited availability of

qualified attorneys for the proceedings involved, justified a higher fee."  28 U.S.C. §

2412(d)(2)(A).

## III.    ANALYSIS

Because of a dual-award issue arising under the circumstances (referenced above at the

end of Part I.B. of this Decision and Order), the Court will analyze Plaintiff's motion attorney's

fees under the SSA before analyzing her motion for attorney's fees under the EAJA.

### A.    Whether Attorney Olinsky Is Entitled to Attorney's Fees Pursuant to Section 206(b)(1) of the SSA

After carefully considering the matter, the Court answers this question in the affirmative

for the reasons set forth in Plaintiff's memorandum of law.  The Court would add only the

following analysis.

Attorney Olinsky seeks an award of $13,040.50 for forty-five hours of work.  This

amounts to roughly $288 per hour.  The amount requested is within the 25% statutory limit of

past due benefits.  Because the parties entered into a contingency agreement allocating less than

25% of any past due benefits to Attorney Olinsky, deference should be given to the parties'

intent.  *See Sullivan*, 907 F.2d at 372.

The Court does not find evidence of fraud or overreaching.  Plaintiff indicated in her

affidavit that she entered into a contingent agreement with Attorney Olinsky, and that he was

entitled to fees to be paid from her back benefits.  (Dkt. No. 19, at 58 [Plf.'s Aff.].)  Defendant

agrees that no evidence of fraud or overreaching is present.

The Court does not believe that the amount sought by Attorney Olinsky amounts to a windfall for two reasons. First, Attorney Olinsky, who has years of experience litigating social security cases, was particularly successful in representing Plaintiff since 2010. After the ALJ's initial finding of "not disabled," Attorney Olinsky appealed the ALJ's decision and successfully vacated the ALJ's initial finding. On remand, Attorney Olinsky argued Plaintiff's case before a new ALJ. As a result of Attorney Olinsky's efforts, Plaintiff was found "totally disabled" and awarded past due benefits.

Second, other district courts in this circuit have held that contingency fees greater than $288 per hour were reasonable fees for victorious social security disability lawyers. *See, e.g.*, *Warren v. Astrue*, No. 06-CV-2933, 2011 WL 5402493, at *2 (E.D.N.Y. Nov. 7, 2011) (holding $342 per hour was reasonable); *Joslyn v. Barnhart*, 389 F.Supp.2d 454, 457 (W.D.N.Y. 2005) (holding $891 per hour was reasonable); *Filipkowski*, 2009 WL 2426008, at *2 (holding $743.30 per hour was reasonable); *Blizzard v. Astrue*, 496 F.Supp.2d 320, 324-25 (W.D.N.Y. 2009) (holding $705 per hour was reasonable). Indeed, Defendant acknowledged in its brief that the amount sought was reasonable and "would not constitute a windfall."

Based on the foregoing, the Court finds the fee of $13,040.50 to be reasonable and the motion is granted.

**B.      Whether Plaintiff Is Entitled to Attorney's Fees Pursuant to the EAJA**

After carefully considering the matter, the Court answers this question in the affirmative for the reasons set forth in Plaintiff's memorandum of law, except with regard to the particular amount of the attorney's fees.

Defendant's position was not substantially justified at the agency level or when this case was filed. Defendant, acting through the ALJ, and later, by defending the ALJ's flawed position,

defied well-established authority, social security regulations, and precedent in such a way that no reasonable person would find it justified. *See Scott v. Astrue*, No. 08-CV-0910, 2011 WL 32544, at *2 (W.D.N.Y. Jan. 5, 2011).

The Court reaches this conclusion for four reasons. First, in making his RFC determination, the ALJ ignored substantial portions of Plaintiff's pain testimony and the many daily limitations that she experienced as a result of her pain. Case law and the social security regulations make it clear that an ALJ cannot "pick and choose" to ignore evidence that is contrary to the ALJ's determination. *See Sutherland v. Barnhart*, 322 F.Supp.2d 282, 289 (E.D.N.Y. 2004) (citing *Lopez v. Sec'y of Health & Human Servs.*, 728 F.2d 148, 150-51 (2d Cir. 1984) ("It is not proper for the ALJ to simply pick and choose from the transcript only such evidence that supports his determination without affording consideration to the plaintiff's claims")); *see also Armstead ex rel. Villanueva v. Astrue*, No. 04-CV-0503, 2008 WL 4517813, at *18 (N.D.N.Y. Sept. 30, 2008) (citing 20 C.F.R. § 416.920(a)(3) (2013)) (stating the ALJ must consider *all* evidence in the record).

Second, the ALJ proffered an erroneous reason for discrediting Plaintiff's pain testimony. The ALJ decided to discount the credibility of Plaintiff's pain testimony "to the extent [it was] inconsistent with the medical evidence and the opinions of treating and examining medical providers." Both case law and the social security regulations prohibit an ALJ from discrediting a plaintiff's statements solely based upon objective medical evidence. *See Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979) (warning that, if an ALJ discounts the plaintiff's credibility on the basis of "objective clinical findings," the decision is "based on an erroneous legal standard" and the district court must reverse); 20 C.F.R. § 404.1529(c)(2) (prohibiting an ALJ from rejecting the plaintiff's statements as to severity of pain solely because medical evidence does not

substantiate it); *see also Berry v. Schweiker*, 675 F.2d 464, 469 (2d Cir. 1982) (warning an ALJ's inadequate reasons for discounting credibility requires remand).

Third, because the ALJ discounted Plaintiff's pain testimony based upon an erroneous legal standard, the ALJ failed to consider a range of factors beyond medical evidence when he discounted Plaintiff's pain testimony. 20 C.F.R. §§ 404.1529(c)(3); 416.929(c)(3)(i)-(vii) (requiring an ALJ to consider seven factors in making a credibility determination); *Lennon v. Astrue*, No. 08-CV-1123, 2010 WL 1936164, at *4 (N.D.N.Y. Apr. 23, 2010) (remanding, in part, for an ALJ's failure to consider the additional factors); *accord*, *Fox v. Astrue*, No. 05-CV-1599, 2008 WL 828078, at *14 (N.D.N.Y. Mar. 26, 2008).

Finally, the ALJ's failure to take into account Plaintiff's twenty-five year work history directly contradicted explicit Second Circuit precedent. *See Rivera v. Schweiker*, 717 F.2d 719, 725 (2d Cir. 1983) (stating an ALJ must give a long work history substantial weight in making a credibility determination) (citations omitted).

In light of the ALJ's numerous errors, it was unreasonable to deny Plaintiff benefits at the agency level and to then ask this Court to affirm the denial of benefits by ignoring well-established regulations and precedent.[2] In the social security realm, failure to follow regulations and well-settled precedent has been considered grounds for finding that the defendant's actions were not substantially justified. *See, e.g., Flanders v. Shalala*, No. 91-CV-0337, 1994 WL

---

[2] Defendant argues that the ALJ's decision was substantially justified because this Court agreed with Defendant on a number of issues (i.e., that the ALJ properly applied the treating physician rule). However, Defendant must show that its position was substantially justified as to the issue(s) upon which the Court remands. *See Maxey v. Chater*, No. 93-CV-0606, 1996 WL 492906, at *2 (N.D.N.Y. Aug. 28, 1996) ("The Commissioner cannot prevail by arguing that she was substantially justified in some of the positions she took if she was not substantially justified on the issue . . . that caused [the district court] to remand the case.") (citations omitted).

329482, at *4 (N.D.N.Y. July 1, 1994) (finding the defendant not substantially justified, in part, because the ALJ failed to give the plaintiff's testimony proper consideration); *Green-Younger v. Barnhart*, No. 99-CV-1425, 2004 WL 2377224, at *5 (D. Conn. Sept. 30, 2004) (finding the defendant's position unreasonable in fact or law because ALJ failed to properly credit the plaintiff's subjective testimony), *accord, Henriquez v. Chater*, No. 94 Civ. 7699, 1997 WL 45351, at *4 (S.D.N.Y. Feb. 5, 1997); *Mills*, 2013 WL 1499606, at *2 (finding the defendant not substantially justified when the ALJ failed to develop the record in accordance with his responsibilities under the social security regulations); *Benson v. Astrue*, No. 09 Civ. 8973, 2013 WL 1800580, at *3 (S.D.N.Y. Apr. 29, 2013) (finding the defendant not substantially justified when the ALJ failed to apply the treating physician rule); *cf. Maran v. Comm'r of Soc. Sec.*, No. 01-CV-2015, 2006 WL 1167985, at *3-4 (D. Conn. Apr. 27, 2006).

Defendant mistakenly relies on *Kirkland v. Railroad Retirement Board* to support its argument of substantial justification in this case. The *Kirkland* Court stated that, "[o]n the facts of this case, we believe the Board has sustained its burden of showing its position, although erroneous, was not so devoid of factual or legal support [to render its position not substantially justified]." *Kirkland v. R.R. Ret. Bd.*, 706 F.2d 99, 105. The Court limited *Kirkland* to "the facts of th[e] case."[3] Furthermore, a "strong showing" of substantial justification must be determined on an ad-hoc basis. *See Serrano v. Sullivan*, No. 86 Civ. 9842, 1991 WL 115764, at *3 (S.D.N.Y. June 20, 1991). While the defendant's position in *Kirkland* was reasonable because it had some legal and factual support, the Court believes that, in this case, Defendant failed to

---

[3]     In *Kirkland,* the Railroad Retirement Board incorrectly applied Second Circuit precedent when it failed to award retirement benefits to an employee's widow. 706 F.2d at 103. It is worth noting that there was a clear split in the circuits when the precedent was misapplied making the Board's stance more reasonable. *See Id.* at 104.

make a "strong showing" of substantial justification, because of Defendant's numerous deviations from well-established regulations and precedent.

Plaintiff seeks an award of attorney's fees in the amount of $8,136.74. The calculation of attorney's fees reflects forty hours worked in 2010 at a rate of $179.57 per hour, one hour worked in 2011 at a rate of $185.04 per hour, and 1.3 hours[4] worked in 2012 at a rate of $187.87 per hour. The rates indicated by Plaintiff, which have been adjusted based upon the Consumer Price Index to account for a cost-of-living increase, are unopposed by Defendant. However, the underlying action presented no legal novel legal issues, the transcript was not unduly burdensome, and the same law firm represented Plaintiff in multiple administrative proceedings. As a result, the number of hours for which Plaintiff is entitled to receive attorney's fees is reduced to forty, placing it within the generally accepted twenty-to-forty hour range for completion of routine social security cases. Accordingly, Plaintiff is entitled to a total award of $7,237.14, which is comprised of $40 in administrative fees, $14.34 in costs, and $7,182.80 in attorney's fees.[5]

### C.     To Whom Should Defendant Make Payment

Dual fee awards under both the SSA and the EAJA are "not improper as long as the lesser of any two amounts awarded goes to the attorney's client." *Leary v. Astrue*, No. 03-CV-1313, 2009 WL 1706898, at *2 (N.D.N.Y. Jun. 17, 2009) (quoting *Wells v. Bowen*, 855 F.2d 37, 42 (2d Cir. 1988)). This requirement works to increase the "total amount of past due benefits the claimant actually receives." *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

---

[4]     The 2.5 hours Plaintiff requests in 2012 for preparing the EAJA motion has been factored out. *See Mills,* 2013 WL 1499606, at *4 n. 4 (factoring out hours spent preparing an EAJA motion).

[5]     The attorney's fee calculation is based on forty hours worked in 2010 at a rate of $179.57 per hour.

As Attorney Olinsky noted in his brief, the lesser amount (the EAJA award) should be awarded to the litigant, not the attorney.  For this reason, the Court instructs Defendant to make Plaintiff the payee on the check for the EAJA award.  The Court will leave it to Defendant's discretion whether to mail the check directly to Plaintiff or Attorney Olinsky.  *McAlpine v. Astrue*, No. 10-CV-0817, 2012 WL 5183630, at *2 (N.D.N.Y. Oct. 18, 2012) (stating that the defendant may mail check to the plaintiff or the plaintiff's counsel).

**ACCORDINGLY,** it is

**ORDERED** that Plaintiff's motion for attorney's fees and costs under the EAJA (Dkt. No. 19) is **GRANTED** in part and **DENIED in part**, such that the award is reduced to $7,237.14 (composed of $40 in administrative fees, $14.34 in costs, and $7,182.80 in attorney's fees); and it is further

**ORDERED** that the award be made payable directly to Plaintiff, but sent to either Attorney Olinsky or Plaintiff; and it is further

**ORDERED** that Plaintiff's motion for attorney's fees under SSA § 206(b)(1)  (Dkt. No. 23) is **GRANTED** in the amount of $13,040.50.

Dated: October 15, 2013
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge